■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO LIMONTAS, Appellant. [828 NYS2d 390]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered April 16, 2003, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him to a term of five years' probation, unanimously affirmed.

The court properly determined that defendant breached his plea agreement. Accordingly, it properly denied his motion to dismiss the indictment pursuant to CPL 210.40, and instead sentenced him to a term of probation (*see e.g. People v Evans*, 294 AD2d 223 [2002], *lv denied* 98 NY2d 696 [2002]). Under the plea agreement, defendant had an opportunity to have the charge against him dismissed if he successfully completed a drug treatment program and was not rearrested in the meantime. However, defendant was arrested prior to completing the program, and when the program was extended by six months, defendant repeatedly failed to arrive for scheduled visits in a timely manner. Although the new arrest, which resulted in a conviction, would have permitted the court to impose a prison sentence under the plea agreement, the court extended leniency by imposing a probationary sentence. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit. Concur—Mazzarelli, J.P., Friedman, Williams, McGuire and Malone, JJ.